IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILONDA EARLENE HARRIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-00016-KD-N |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, Wilonda Earline Harries ("Harries"), filed this action seeking judicial review of a final decision of the Commissioner of Social (Doc. 2). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Harries' motion to proceed without prepayment of fees and costs (doc. 1) was denied on January 17, 2014 (doc. 3) and she was directed to pay the requisite filing fee by January 31, 2014. On March 12, 2014, when the filing fee had not been paid, the Court ordered Harries to show cause by no later than March 18, 2014, "why this action ought not to be dismissed for want of prosecution and failure to comply with the Court's orders" (doc. 4). Harries was cautioned that failure to comply would result in a "**RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR WANT OF PROSECUTION AND FAILURE TO COMPLY WITH THE COURT'S ORDERS**." (*Id.*, emphasis in original). Harries has, nonetheless, neither paid the requisite filing fee nor sought an extension of time within which to do so. Consequently, this action is now before the undersigned on Plaintiff's failure to pay the filing fee.

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action by

1

paying the required filing fee, the undersigned recommends that, through its inherent powers, this action be dismissed without prejudice. Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Coleman v. St. Lucie County Jail, 433 Fed.Appx. 716, 718 (11th Cir. July 5, 2011) ("The district court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.")[1]; Zocarus v. Castro, 465 F.3d 479, 483 (11th Cir. 2006)(recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); Brown v. Tallahassee Police Dept., 205 Fed.Appx. 802, (11th Cir. Nov. 15, 2006) ("The district court's 'power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits.' The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citations omitted)); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'"). Wilson v. Sargent, 313 F.3d 1315, 1331-32 & n. 7 (11th Cir. 2002)(holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *see generally* Betty K. Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005)(discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 14(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal with prejudice requires findings of contumacious conduct and that lesser sanctions

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

will not suffice).

CONCLUSION

Harries has not responded to the Court's order of January 21, 2014, instructing her to pay the Court's filing fee by no later than January 31, 2013 (doc. 3), or to the order of March 12, 2014, requiring her to show cause by March 18, 2014, why this action ought not to be dismissed for want of prosecution and failure to comply with the Court's orders. Therefore, it is recommended that the Court **DISMISS** Harries' social security complaint pursuant to Fed.R.Civ.P. 41(b) due to her failure to prosecute this action by obeying this Court's lawful orders.2   Brown, *supra*.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate

---

2 Harries is placed on notice that this Court cannot specifically state that the dismissal is without prejudice in light of the statutory requirement that a claimant commence a civil action seeking review of a final decision of the Commissioner of Social Security "within sixty days after the mailing to her of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The United States Supreme Court has concluded that the 60-day requirement set out in § 405(g) is not jurisdictional, but rather is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling. Bowen v. City of New York, 476 U.S. 467, 478-480 (1986). While the plaintiff in this case has failed to allege that she has commenced her action within 60 days of the Commissioner's final decision (*see* Doc. 2), the effect of now dismissing this action for failure to prosecute may subject any subsequent complaint filed by plaintiff to a statute of limitations defense. Accordingly, the undersigned need take the position this dismissal may indeed result in prejudice to the plaintiff in the future.

Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the   5th   day of May, 2014.

        /s/ Katherine P. Nelson
        **KATHERINE P. NELSON**
        **UNITED STATES MAGISTRATE JUDGE**